IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NATHANIAL GERALD SERRELL MACK,<br><br>Plaintiff,<br><br>vs.<br><br>PETE RICKETTS, Nebraska State Governor (officially and Individually); DAVID HEINAMEN, Former Governor (Officially and Individually); SCOTT FRAKES, N.D.C.S. Director (Officially and Individually); MICHEL KENNEY, Former N.D.C.S. Director (Officially and Individually); ROBERT P. HOUSTON, Former N.D.C.S. Director (Officially and Individually); MICHAEL ROTHWELL, N.D.C.S. Deputy Director Division of Programs and Community Services (Officially and Individually); DIANE SABATKA-RINE, Deputy Director of Opperations (Officially and Individually); ROSALYN COTTON, Nebraska State Parole Board Chair (Officially and Individually); REX RICHARDS, Nebraska State Parole Board Vice Chair Person (Officially and Individually); MARIO PURT, Lincoln Correctional Center Warden (Officially and Individually); ROBERT MADSON, Nebraska State Penitentiary Warden (Officially and Individually); RICHARD CRUICKSHANK, Nebraska State Penitentiary Warden (Officially and Individually); JASON HURT, Nebraska State Penitentiary Associate Warden and Former Lincoln Correctional Center | 8:17CV495<br><br>**MEMORANDUM<br>AND ORDER** |

Unit Adminatrator (Officially and Individually); DAVID HARDGRAVES, Lincoln Correctional Center Unit Adminastrator and former Housing Unit Bravo Unit Manager (officially and Individually); DR. JEFF MELVIN, PH.D. N.D.C.S. Behavioral Health Assistant Administrator for Sex Offender Services and C-Sort (Clinical Sex Offender Review Team) Chair Person (Officially and Individually); DR. STEPHANIE BRUHN, N.D.C.S. Behavioral Health Assistant Administrator for Sex Offender Services and C-Sort Team Chair Person (Officially and Individually); WAYNE CHANDLIER, N.D.C.S. Behavioral Health Assistant Administrator for Mental Health Services (Officially and Individually); TAMMY JACKSON, LIMHP N.D.C.S. Mental Health practioner Clinical Sex Offender Programs Manager and C-Sort Vice Chair Person (Officially and Individually); PAUL RODRIQIEZ, LIMHP N.D.C.S. Clinical Sex Offender Programs Manager and C-Sort Team Vice Chair Person (Officially and Individually); JANE DOE I, Former Nebraska State Penitentiary Mental Health Practioner II (Officially and Individually); HEATHER JACKSON, Nebraska State Penitentiary Mental Health Practioner II (Officially and Individually); JERAMY SIMONSEN, Nebraska State Penitentiary Mental Health Practioner II and former Acting Clinical Sex Offender Programs Manager and C-Sort Vice Chair Person

(Officially and Individually); and TOM PFEIFER, Nebraska State Penitentiary Librarian (Officially and Individually) et al.;

Defendants.

This matter is before the court for case management. The Prison Litigation Reform Act requires an imprisoned civil plaintiff to pay the court's entire filing fee, either at the outset when filing the complaint, or in installments if the court grants leave to proceed in forma pauperis ("IFP"). *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001).

On January 23, 2018, the court granted Plaintiff's motion seeking leave to proceed IFP and ordered him to pay an initial partial filing fee in the amount of $0.02 within 30 days. (See Filing No. 9.) To date, Plaintiff has not paid the initial partial filing fee or asked for an extension of time in which to do so. Accordingly, the court will require Plaintiff to show cause why this case should not be dismissed for his failure to pay the initial partial filing fee.

If Plaintiff's failure to pay by the court's deadline was caused by prison officials' failure to adhere to his request to remit payment using funds from his account, his failure to pay within the time ordered by the court will be excused. However, if Plaintiff's failure to pay by the court's deadline was caused by his failure to leave sufficient funds in his account to timely pay the initial partial filing fee, his failure to pay will not be excused. Absent a sufficient response, the case will be subject to dismissal. *See Taylor v. Cassady*, 570 Fed. App'x. 632 (8th Cir. 2014) (holding district court abused its discretion by dismissing case without first taking steps to determine whether prisoner-plaintiff's failure to pay the initial partial filing fee "was caused by circumstances beyond his control, such as prison officials' failure to adhere to his request to remit payment using funds from his account").

IT IS ORDERED:

1. Plaintiff will have 30 days to show cause why this case should not be dismissed for failure to pay the initial partial filing fee. In the absence of cause shown, this case will be dismissed without prejudice and without further notice.

2. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **April 2, 2018**: check for response to show cause order.

Dated this 1st day of March, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge