IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NATHANIAL GERALD SERRELL MACK,<br><br>Plaintiff,<br><br>vs.<br><br>DR. JEFF MELVIN, PH.D. N.D.C.S. Behavioral Health Assistant Administrator for Sex Offender Services and C-Sort (Clinical Sex Offender Review Team) Chair Person (Officially and Individually); DR. STEPHANIE BRUHN, N.D.C.S. Behavioral Health Assistant Administrator for Sex Offender Services and C-Sort Team Chair Person (Officially and Individually); TAMMY JACKSON, LIMHP N.D.C.S. Mental Health practioner Clinical Sex Offender Programs Manager and C-Sort Vice Chair Person (Officially and Individually); and JERAMY SIMONSEN, Nebraska State Penitentiary Mental Health Practioner II and former Acting Clinical Sex Offender Programs Manager and C-Sort Vice Chair Person (Officially and Individually);<br><br>Defendants. | 8:17CV495<br><br>MEMORANDUM AND ORDER |

This matter is before the court upon review of Plaintiff's Amended Complaint (filing no. 25) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

# I. BACKGROUND

Plaintiff, an inmate in the custody of the Nebraska Department of Correctional Services ("NDCS") and incarcerated at the Nebraska State Penitentiary ("NSP"), filed this action on December 29, 2017, seeking damages and equitable relief related to the NDCS' failure to timely screen him for and provide mental health programming prior to his parole eligibility date. Plaintiff sued various state and NDCS officials in their individual and official capacities alleging, inter alia, claims of deliberate indifference to his medical needs, cruel and unusual punishment, denial of his freedom of speech, and denial of equal protection and due process.

The court conducted an initial review of Plaintiff's Complaint on September 26, 2018. ([Filing No. 19](#).) The court dismissed Plaintiff's claims for monetary relief against all Defendants in their official capacities based on sovereign immunity and determined that Plaintiff's Complaint failed to state a plausible claim for relief. However, the court gave Plaintiff 30 days to file an amended complaint to state a plausible equal protection claim against Defendants Dr. Jeff Melvin, Dr. Stephanie Bruhn, Tammy Jackson, Paul Rodriqiez, Jeramy Simonsen, Heather Jackson, and Jane Doe.

Plaintiff requested, and the court granted, an extension to January 24, 2019, to file his amended complaint. ([Filing No. 20](#); [Filing No. 21](#).) On February 1, 2019, the court entered a Memorandum and Order and Judgment dismissing this case without prejudice due to Plaintiff's failure to file his amended complaint by the January 24, 2019 deadline. ([Filing No. 23](#); [Filing No. 24](#).) Shortly thereafter on February 5, 2019, Plaintiff filed his Amended Complaint. ([Filing No. 25](#).) The court vacated its previous order and judgment and reinstated the case on the pro se docket. ([Filing No. 27](#).)

## II. SUMMARY OF AMENDED COMPLAINT

Plaintiff's Amended Complaint alleges violations of his right to equal protection under the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the Nebraska State Constitution against NDCS employees Dr. Jeff Melvin and Dr. Stephanie Bruhn, the current and former Assistant Behavioral Health Administrators for Sex Offender Services, and Sex Offender Program Managers Tammy Jackson and Jeramy Simonsen in their official and individual capacities. (Filing No. 25 at CM/ECF p. 3.)

Plaintiff utilized the form prisoner civil rights complaint to file his Amended Complaint. However, Plaintiff failed to identify the "facts underlying [his] claim(s)," any injuries he has suffered, or even the relief he seeks. (*Id.* at CM/ECF p. 5.) All Plaintiff alleges is that from September 2009 to the present at both the Lincoln Correctional Center ("LCC") and the NSP "they were being prejudice[d] in regards to my completing my treatment before Parole Eligibility due to my sexual orientation and being a convicted sex offender." (*Id.* at CM/ECF pp. 4, 7.) These scant allegations appear to be Plaintiff's attempt to restate the Equal Protection sex-based discrimination claim the court construed from his original Complaint based on "the decision to give him an unsatisfactory completion of B-Help and recommend I-Help . . . due to his gender non-conformity and/or sexual orientation." (Filing No. 19 at CM/ECF p. 21.)

## III. DISCUSSION

Standing alone, the Amended Complaint's allegations fail to meet the minimal pleading standard set forth in Federal Rule of Civil Procedure 8, which requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting

Twombly, 550 U.S. at 555). Complaints filed in federal court must also contain "a demand for the relief sought." Fed. R. Civ. P. 8(a)(3). While complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see* Haines v. Kerner, 404 U.S. 519, 520 (1972), even pro se litigants must comply with the Federal Rules of Civil Procedure. Here, Plaintiff's Amended Complaint fails to meet the minimal pleading requirements and does not specify the relief he seeks.

Even if the court considered Plaintiff's Amended Complaint as supplemental to his original Complaint, *see* NECivR 15.1(b) (court may consider pro se litigants' "amended pleading as supplemental to, rather than as superseding, the original pleading"), the allegations would fail to state a plausible equal protection claim for the reasons set forth in the court's Memorandum and Order on initial review. (*See* Filing No. 19 at CM/ECF pp. 21–22.)

Accordingly, the court finds that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed. The court will not give Plaintiff another opportunity to amend as the court concludes that further amendment would be futile.

IT IS THEREFORE ORDERED that:

1.  This matter is dismissed without prejudice for failure to state a claim upon which relief may be granted.

2.  The court will enter judgment by separate document.

3.  Plaintiff's pending Motion for Appointment of Counsel (filing no. 26) is denied as moot.

Dated this 17th day of September, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge