IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NATHANIAL GERALD SERRELL MACK,<br><br>                Plaintiff,<br><br>    vs.<br><br>DR. JEFF MELVIN, PH.D. N.D.C.S. Behavioral Health Assistant Administrator for Sex Offender Services and C-Sort (Clinical Sex Offender Review Team) Chair Person (Officially and Individually); DR. STEPHANIE BRUHN, N.D.C.S. Behavioral Health Assistant Administrator for Sex Offender Services and C-Sort Team Chair Person (Officially and Individually); TAMMY JACKSON, LIMHP N.D.C.S. Mental Health practicner Clinical Sex Offender Programs Manager and C-Sort Vice Chair Person (Officially and Individually); and JERAMY SIMONSEN, Nebraska State Penitentiary Mental Health Practicner II and former Acting Clinical Sex Offender Programs Manager and C-Sort Vice Chair Person (Officially and Individually);<br><br>                Defendants. | **8:17CV495**<br><br><br><br>**MEMORANDUM AND ORDER** |

      This matter is before the court on its own motion. On November 7, 2019, the court entered an order ([filing no. 35](#)) granting Plaintiff Nathanial Gerald Serrell Mack leave to proceed in forma pauperis on appeal and directing him to pay an initial partial appellate filing fee of $0.09 within 30 days. To date, Plaintiff has not paid the filing fee or requested an extension of time in which to do so.

As the court has already informed Plaintiff, the Prison Litigation Reform Act ("PLRA") "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951, 952 (D. Neb. 2001) (citing *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)). The appellate filing fee is assessed when the district court receives the prisoner's notice of appeal. *Henderson v. Norris*, 129 F.3d 481, 485 (8th Cir. 1997).

Moreover, the court specifically informed Plaintiff when judgment was entered in this matter that "[b]y filing a notice of appeal, Plaintiff will be consenting to the deduction of the $505.00 filing fee from his prison account by prison officials." (Filing No. 29.) Thus, whether or not Plaintiff expressly authorizes his institution to disburse the money owed here is irrelevant as the amount owed, and how it will be collected, is determined entirely by 28 U.S.C. § 1915(b). Here, the court has calculated the initial appellate partial filing fee as provided by § 1915(b)(1) and now "notif[ies] the prison officials to pay the initial appellate partial fee from the prisoner's account to the clerk of the district court and to calculate and pay the remaining installments to the clerk of the district court until the whole of the appellate filing fees has been paid in full as provided by § 1915(b)(2)." *Henderson*, 129 F.3d at 485.

IT IS THEREFORE ORDERED that:

1. Plaintiff's institution shall deduct the initial partial filing fee of $0.09 from Plaintiff's institutional account and remit payment to the clerk of the court.

2. In the event that Plaintiff lacks sufficient funds, Plaintiff's institution shall collect the whole of the appellate filing fees pursuant to the installment payment provisions of 28 U.S.C. § 1915(b)(2). Until the full filing fee of $505.00 is paid, Plaintiff shall be obligated to pay, and Plaintiff's institution shall forward

to the clerk of the court, 20 percent of the preceding month's income in such months as the account exceeds $10.00.

3. The clerk's office is directed to send a copy of this order to the appropriate official at Plaintiff's institution.

Dated this 20th day of December, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge